UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SEAN KENNEDY, | No. 2:20-cv-1418 KJN P |
| Petitioner, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner, a federal prisoner proceeding pro se, filed a petition for writ of error coram nobis, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

I. Writ of Coram Nobis

"The writ of coram nobis is an ancient common-law remedy designed to correct errors of fact." United States v. Denedo, 556 U.S. 904, 910 (2009) (internal quotation marks and citation omitted). The "writ of error coram nobis affords a remedy to attack an unconstitutional or unlawful conviction in cases when the petitioner already has fully served a sentence." Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir. 1994); see also United States v. Morgan, 346 U.S. 502, 511 (1954) (recognizing that common law writ of error coram nobis still exists after

1  enactment of 28 U.S.C. § 2255).  Coram nobis relief may be requested when the prisoner is no
2  longer in custody and is faced with a significant collateral consequence of his or her federal
3  conviction.  See United States v. Walgren, 885 F.2d 1417 (9th Cir. 1989) (after completion of
4  sentence and parole, delay was reasonable where governing law was recently changed and made
5  retroactive).
6        "Coram nobis is an extraordinary writ, used only to review errors of the most fundamental
7  character."  Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002); see also Denedo,
8  556 U.S. at 910-11; United States v. Riedl, 496 F.3d 1003, 1005-06 (9th Cir. 2007).  "To warrant
9  coram nobis relief, [the prisoner] must establish that:  (1) a more usual remedy is not available;
10  (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist
11  from the conviction sufficient to satisfy the case or controversy requirement of Article III; and
12  (4) the error is of a fundamental character."  Matus-Leva, 287 F.3d at 760; see also Riedl, 496
13  F.3d at 1006 (deportation was not sound reason for delay in filing petition).  The prisoner is not
14  entitled to a writ of error coram nobis if he fails to meet any one of those requirements.  See
15  Matus-Leva, 287 F.3d at 760.  For example, a prisoner may not resort to coram nobis merely
16  because he failed to meet the gatekeeping requirements of the Antiterrorism and Effective Death
17  Penalty Act ("AEDPA"), such as the statute of limitations, or the successive petitions provision.
18  See Matus-Leva, at 761.
19  II. Discussion
20        Petitioner is presently pursuing relief under 28 U.S.C. § 2255.  United States v. Kennedy,
21  No. 11-cr-0427 TLN CKD P (E.D. Cal.) (on June 30, 2020, government ordered to respond to
22  § 2255 motion).  Indeed, petitioner presses the same claims in the instant petition as he does in his
23  § 2255 motion:  defense counsel was allegedly ineffective for failing to properly advise and
24  affirmatively misadvised petitioner regarding the adverse immigration deportation consequences
25  of his guilty plea.  Because petitioner is presently pursuing § 2255 relief, petitioner cannot
26  demonstrate that a "more usual remedy is not available."  See Matus-Leva, 287 F.3d at 760
27  (holding that potential availability of relief through § 2255 motion precluded prisoner from
28  seeking coram nobis relief).  And, because petitioner is required to meet all four elements

identified above, "failure to meet any one of them is fatal." Matus-Leva, 287 F.3d at 760, citing see e.g., United States v. McClelland, 941 F.2d 999, 1002 (9th Cir. 1991). Therefore, the petition for writ of error coram nobis should be dismissed.

III. Order and Recommendations

Because this action is related to petitioner's underlying criminal action, case 2:11-cr-0427 TLN, the Clerk of the Court shall assign this case to U.S. District Court Judge Troy L. Nunley.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis; and

2. The Clerk of the Court shall assign this case to U.S. District Court Judge Troy L. Nunley.

Further, IT IS RECOMMENDED that the petition for writ of error coram nobis be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 11, 2020

/kenn1418.coram.nobis

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE